## HOWARD v STATE OF FLORIDA
### Case No. 80-754 CF

Nineteenth Judicial Circuit, Martin County

October 14, 1987

**APPEARANCES OF COUNSEL**

**Steven Greene** for petitioner, Howard.

**Richard Barlow,** Assistant State Attorney, for state of Florida.

**OPINION OF THE COURT**

JOHN E. FENNELLY, Circuit Judge.

THIS MATTER came on for a hearing pursuant to Florida Rules of Criminal Procedure 3.850 in which defendant requested post conviction relief alleging that his trial defense counsel was incompetent. Defendant initially alleged counsel's ineffectiveness on two grounds, (1) The failure of defense counsel to competently argue a pretrial Motion to Suppress statement and (2) The failure to advise the defendant of a possible defense of Voluntary Intoxication. Based on the authorities, the facts developed at the hearing, the trial record and after weighing the credibility of the witnesses, the Court for reasons discussed in the body of this opinion finds that defendant's motion must be denied.

The defendant Lorenzo Howard was tried and convicted for the First Degree Murder of his ex-wife, Martha Finnerty. A review of the Court file reveals that trial defense counsel, Austin Maslanick, in the course of trial preparation took over eighteen (18) depositions, filed numerous pretrial motions, and conducted what all parties concede was an aggressive trial defense.

It is alleged by Petitioner that counsel was deficient in that he failed to raise or properly investigate a possible defense of Voluntary Intoxication. In support of that contention Howard took the stand in this hearing and testified that on the morning of the murder he began what can only be described as a Homeric Odyssey of alcohol and drug usage including marijuana, cocaine, gin, beer and Champale. In a period of approximately 6 hours, he consumed two (2) ½ pints of gin, five (5) 16 oz. Budweisers, two (2) 20 oz. bottles of Champale, 1 gram of cocaine, and several reefers. Petitioner was also, in spite of this, able to recall in complete detail his activities up to the death of his ex-wife. The defendant also related that he informed Mr. Maslanick concerning his alcohol and drug usage. Mr. Maslanick, in his testimony, indicated only that the defendant told him he was drinking, but recalled no mention of any drug usage by petitioner.

Mr. Maslanick indicated that he met with the defendant personally on two occasions and had no other contact with the defendant. He further indicated that the main emphasis of his defense was one of accident or self-defense. Mr. Maslanick candidly admitted that he felt that he would have represented the defendant differently today, but did agree that, in view of the statements and post shooting actions of the defendant, the defense would be a difficult one.

Mr. Ron Smith, a Bar certified criminal lawyer, also testified and indicated that in his opinion that the failure of Mr. Maslanick to investigate the petitioner's drinking was not consistent with the Knight-Strickland standard for a competent defense attorney.

It is significant to the Court that both Mr. Smith and Mr. Maslanick very candidly conceded that even with investigation they could not opine that the omission in question was such that there was a substantial likelihood that the outcome was affected.

The Court also heard testimony from three (3) witnesses, Ms. Taylor, Ms. Alceus, and Mr. Douglas McHardy. The first two witnesses indicated that on the day in question, they sold Petitioner beer. Mr. McHardy testified that he saw Petitioner on the day of the shooting. He related essentially that the defendant was driving a pickup truck, was intoxicated, that he saw no cocaine or marijuana, that he was certain he never saw a Mr. Smallwood, and that the Petitioner was drinking whiskey. A cursory review of the record of this hearing would reveal that Mr. McHardy's recollection almost totally contradicts Petitioner's testimony. In the Court's view they are irreconcilable.

Finally, it should be noted that the State, as reflected in the trial record, was able to prove that three shots were fired from the murder weapon, that the defendant arranged for the concealment of the weapon, and that the Petitioner misrepresented the weapon as an automatic shotgun when scientific evidence demonstrated it was a double barrelled manually loaded weapon. The record further demonstrates that the Petitioner fled the scene immediately after the shooting and wrote a note shortly after the shooting indicating clearly that the motive for the shooting was jealousy.

As indicated the Court has also reviewed the defendant's statements to the police given shortly after his arrest for the shooting. Those statements reveal that the defendant's version of the events was clear, detailed and totally exculpatory. The defendant mentions only that he consumed a half pint of gin, on the date in question, was not intoxicated, was alone not with McHardy or Smallwood, and had not used drugs. (See Statement pg. 15). The statement (pgs. 9-11-13) also gives a detailed account of the shooting that indicates that he acted in self-defense after his wife fired the first shot.

Turning to the applicable case authorities, the Court must determine if attorney Maslanick's failure to investigate the Petitioner's alleged alcohol consumption was deficient. In making this determination the Court must, perforce, view the situation from the hindsight of almost eight years and determine whether Mr. Maslanick's decision not to investigate was "reasonable considering all the circumstances, applying a heavy measure of deference to counsel's judgments." (*Downs v. State,* 453 So.2d 1102 at pg. 1108 (Fla. 1984))

It is clear that attorney Maslanick attempted to obtain information

**65**

concerning the defendant's psychological condition and did in fact obtain a report concerning petitioner from Dr. Sheldon Rifkin. Nothing in that report alerted Mr. Maslanick as to any alcohol and/or drug issue as it would relate to premeditation, nor did the witnesses whom Mr. Maslanick deposed indicated any possible defense. It must be emphasized that throughout the entire preparation of the defense the Petitioner never informed Mr. Maslanick of any inability to recount the details, never appeared disoriented, was alert and cooperated with attorney Maslanick at pretrial and trial.

Finally the defendant in his own testimony admitted that he withheld information concerning drug usage from both the police and his own attorney.

Thus, attorney Maslanick, in making his decision acted, on the results of discovery, including the defendant's own statement. He chose to defend based on accident and passion. The rather cryptic remark concerning use of alcohol was not sufficient to raise a possible Voluntary Intoxication defense especially in view of the defendant's own act in withholding this information from him.

In light of the strong presumption in favor of adequate representation and the due defference which must be accorded to trial decisions the Court determines, on these facts, that attorney Maslanick's decision not to investigate the cryptic remarks was reasonable. (*Downs v. State,* noted supra)

Assuming arguendo that the foregoing analysis is incorrect the Court must assess any possible prejudice to the Petitioner, as indicated previously, the witness McHardy in all respects contradicted the Petitioner. The Petitioner's new version of his activities on the day of the murder contradicted his own confession to police. Finally both versions were more than rebutted by the defendant's actions. Thus, in the Court's view, far from changing the result a Voluntary Intoxication defense would have made the outcome reached at trial even more certain.

As the Florida Supreme Court noted in *Downs,* noted supra, the Sixth Amendment goal is to ensure a fair trial. Mr. Howard received that and more.

The Court therefore finds that even if there was an omission that was substantial, that omission was not sufficient to demonstrate prejudice to the extent that there is a likelihood that the deficient conduct affected the outcome of the Court proceedings.

ORDERED and ADJUDGED that Petitioner's Motion for Post Conviction Relief is hereby denied.

66

DONE and ORDERED, in Chambers, Stuart, Martin County, Florida, this 14th day of October, 1987.